UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN THE MATTER OF
THE EXTRADITION OF
KENDRICK TAYLOR WALLACE

CASE NO. **8:21MJ1246JSS**

## COMPLAINT
(18 U.S.C. § 3184)

I, the undersigned Assistant United States Attorney, being duly sworn, state on information and belief that the following is true and correct:

1. In this matter, I represent the United States in fulfilling its treaty obligation to the Kingdom of Norway.

2. There is an extradition treaty in force between the United States and the Kingdom of Norway (referenced hereafter as the "Treaty").[1]

3. Pursuant to the Treaty, the Government of the Kingdom of Norway has submitted a formal request through diplomatic channels for the extradition of Kendrick Taylor Wallace, a U.S. citizen.

4. According to the information provided by the Government of the Kingdom of Norway, on January 17, 2017, Wallace was convicted of two counts of active, aggravated corruption in violation of Sections 276a and 276b of Norway's

---

[1] The extradition provisions in force between the United States and Norway are found in the Extradition Treaty between the Government of the United States of America and the Government of the Kingdom of Norway, U.S.-Nor., June 9, 1977, 31 U.S.T. 5619.

1902 General Civil Penal Code, and sentenced to seven years' imprisonment (less three days for time spent in custody).

5. These offenses were committed within the jurisdiction of Norway.

6. The conviction was based on the following facts:

From 2004 until the summer of 2008 when he retired, Wallace served as the Chief Legal Officer, and was also a member of the corporate management team, of Yara International ASA (Yara), one of the world's largest producers of mineral fertilizers. The company remains listed on the Oslo Stock Exchange, and the Kingdom of Norway owns 36.2 % of its shares. As the Chief Legal Officer, Wallace was responsible for Yara's ethical guidelines and rules of good business practices. Wallace prepared new guidelines, which were presented to the company's employees in November 2005.

While serving as Yara's Chief Legal Officer, Wallace assisted the company with entering into agreements to pay bribes - parts of which were in fact paid - to a Libyan government official and an Indian government official in connection with negotiations to establish joint venture agreements concerning fertilizer production with state-controlled companies in Libya and India. The bribes were orchestrated under the guise of consultancy agreements with the sons of the two foreign public officials.

First, in or around early 2007, while Yara was negotiating a joint venture with the state-owned Libyan oil company National Oil Company (NOC), Wallace

2

entered into an agreement to pay $4.5 million to Mohamed Ghanem (Ghanem), who was the son of Shukri Ghanem, then Libya's Minister of Petroleum and NOC's Chairman of the Board.[2] In particular, Wallace, on behalf of Yara, and Ghanem, on behalf of a company called Saudi Logistics and Support (SALT), drafted a consultancy agreement, pursuant to which Yara would pay SALT an initial retainer of $1.5 million, followed by a $3 million "closing fee," purportedly for assistance with major construction and logistics projects in the Middle East. At the time, Ghanem was employed at a bank in Bahrain and had limited work or other relevant experience. Although the draft consultancy agreement was not ultimately signed, Wallace and Ghanem entered into a similar oral agreement. Pursuant to that oral agreement, on March 29, 2007, Yara transferred $1.5 million to a Swiss bank account held by Golden Petal Ltd., a company controlled by Ghanem. In the summer of 2008, Ghanem contacted Wallace asking for additional payments in line with their oral agreement; however, by that point, Wallace had retired, and no more money was paid to Ghanem or his company. No evidence suggests that Ghanem provided the services set forth in the draft consultancy agreement.

In February 2007, Ghanem informed Wallace that the Libyan government had approved the joint venture between NOC and Yara, and the companies signed a contract on April 25, 2007. In September 2007, Wallace met in Dubai with Ghanem, who provided advice regarding various terms of the joint venture. Wallace shared

---

[2] All monetary amounts referred to herein are in U.S. dollars.

3

that advice with others at Yara, so it could be used in subsequent negotiations with Ghanem's father. The joint venture framework was finalized in February 2009.

Second, in or around April 2007, while Yara was negotiating a joint venture with the Indian-controlled company Krishak Bharati Cooperative Limited (KBCL), which was overseen by the Indian Ministry of Chemicals and Fertilizers, Wallace entered into an agreement to pay $3 million over a three-year period to Gurpreteesh Singh Maini (Maini), who was the son of Jivtesh Singh Maini, then India's Additional Secretary and Financial Adviser in the Ministry of Chemicals and Fertilizers and also a member of KBCL's board. Initially, Wallace offered to hire Maini - who had neither experience nor competence in the fertilizer industry - purportedly as Yara's agent in India for $250,000 plus additional amounts, including commissions for any sales Yara made with Maini's assistance. Subsequently, Wallace revised the one-off disbursement offer to be a $3 million payment, to be made in installments of $1 million per year during the period of January 1, 2007, through December 31, 2009. This consultancy agreement was finalized in June 2007. The first $1 million payment was made on October 16, 2007. At Maini's request, Yara transferred the money to an account in Hong Kong belonging to Krystal Holdings & Investments Limited, a company owned by a trust, the beneficiaries of which are Maini's wife and mother. No evidence suggests that Maini provided the services agreed to under the consultancy agreement, but rather that he assisted only

with passing information between Yara and his father. The venture project with KBCL was ultimately terminated in the summer of 2008.

7.  On January 15, 2014, Wallace and three other members of Yara's management team were indicted in Norway on two counts of active, aggravated corruption, one concerning the $4.5 million bribe in Libya, and one concerning the $3 million bribe in India. They were tried before the Oslo District Court from January 5, 2015, to March 26, 2015. Wallace was present and testified in his own defense. Almost 7,000 documents were presented to the court (although not all were entered into evidence), and 33 lay witnesses and one expert witness testified. On July 7, 2015, the Oslo District Court entered its judgment finding Wallace guilty of both counts and sentenced him to a term of imprisonment of two years and six months (with credit for three days he had spent detained). The court also convicted Wallace's codefendants (with the exception of acquitting one codefendant of one count).

Wallace and his codefendants appealed the judgment of the Oslo District Court to the Borgarting Court of Appeal. In so doing, pursuant to Norwegian law, Wallace and his codefendants received a new trial. The new trial lasted from August 23, 2016, to December 2, 2016, and Wallace was present and testified in his own defense. On January 17, 2017, the Borgarting Court of Appeal found Wallace guilty of both counts of the indictment and sentenced him to a seven-year term of imprisonment, though it acquitted Wallace's codefendants.

Wallace appealed the ruling of the Borgarting Court of Appeal, alleging procedural errors at the trial and wrongful application of the law, and challenging the length of his sentence. On September 15, 2017, the Supreme Court of Norway affirmed the ruling below.

8. Wallace may be found within the jurisdiction of this Court at 5002 South Elberon Street, Tampa, Florida 33611.

9. Tom Heinemann, an attorney in the Office of the Legal Adviser of the U.S. Department of State, has provided the U.S. Department of Justice with a declaration authenticating a copy of the diplomatic note by which the request for extradition was made and a copy of the Treaty, stating that the offenses for which extradition is demanded are provided for by the Treaty, and confirming that the documents supporting the request for extradition are properly certified by the principal U.S. diplomatic or consular officer in Norway, in accordance with 18 U.S.C. § 3190, so as to enable them to be received into evidence.

10. The declaration from the U.S. Department of State with its attachments including a copy of the diplomatic note from the Kingdom of Norway, a copy of the Treaty, and the certified documents submitted in support of the request (marked collectively as Government's Exhibit #1) are filed with this complaint and incorporated by reference herein.

11. Wallace would be likely to flee if he learned of the existence of a warrant for his arrest.

WHEREFORE, the undersigned requests that a warrant for the arrest of the aforenamed person be issued in accordance with 18 U.S.C. § 3184 and the extradition treaty between the United States and the Kingdom of Norway, so that the fugitive may be arrested and brought before this Court to the end that the evidence of criminality may be heard and considered, and that this complaint and the warrant be placed under the seal of the Court until such time as the warrant is executed.

John Cannizzaro
Assistant United States Attorney

Sworn to before me and subscribed in my presence this 17 day of March, 2021, at Tampa, Florida.

Julie S. Sneed
United States Magistrate Judge

7